Nicholas G. Sekas, Esq.
New Jersey Attorney ID No.: 004531987
Stelios Stoupakis
New Jersey Attorney ID No.: 038352004
**SEKAS LAW GROUP, LLC**
530 Sylvan Avenue, Suite 201
Englewood Cliffs, New Jersey 07632
(201) 816-1333
*Attorneys for Plaintiffs, David Goldberg and DMG Publishing LLC*

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAVID GOLDBERG and DMG PUBLISHING LLC, <br><br> Plaintiff, <br><br> v. <br><br> MARK E. BROWN; LEAP INDUSTRIES; DEVEION TOUSSANT; JOHN AND JANE DOES 1-10 (unknown individuals); and ABC CORPS. 1-10 (unknown entities), <br><br> Defendants. | Civil Action No.: <br><br><br> **COMPLAINT AND JURY DEMAND** |

Plaintiffs David Goldberg and DMG Publishing LLC, by way of Complaint against Defendants Mark E. Brown; Leap Industries; Deveion Toussant a/k/a Shawn Beats; John and Jane Does 1-10; and ABC Corps. 1-10, allege and say:

### I. JURISDICTION

1. This is an action arising under the Racketeer Influenced and Corrupt Organization Act 18 U.S.C. 1961 et. seq. and a civil action commenced pursuant to 18 U.S.C. 1964, along with pendant state law claims.

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, granting the Court jurisdiction over civil actions arising out of the laws of the United States.

3. This Court also has jurisdiction over related state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is properly laid in the District of New Jersey, pursuant to 28 U.S.C. § 1391 (b) (2) as a substantial part of the events giving rise to the claim occurred in New Jersey, and pursuant to 18 U.S.C. § 1965, in that the ends of justice require venue in this district. Plaintiff was a victim of a massive fraud and resides in this District, and all Defendants have significant contact with this district. Hence, such venue is proper in this District. Furthermore, the other claims in this action are subject to venue in this District.

## II. PARTIES

5. Plaintiff, David Goldberg (hereinafter "Plaintiff Goldberg"), is an adult individual, residing at 25 Smith Street, Englewood, New Jersey 07631.

6. Plaintiff, DMG Publishing, LLC (hereinafter "Plaintiff DMG") is a limited liability company organized under the laws of the State of New Jersey, and has its principal place of business at 25 Smith Street, Englewood, New Jersey 07631. (Hereinafter Plaintiff Goldberg and Plaintiff DMG are collectively referred to as "Plaintiffs").

7. Defendant Mark E. Brown (hereinafter "Defendant Brown") is an adult individual, and, upon information and belief, residing at 1727 Caffrey Lane, West Covina, California 91791, and whom, upon information and belief, is affiliated with Defendant Leap Industries in an official capacity.

8. Upon information and belief, Defendant Leap Industries (hereinafter "Defendant Leap"), is a d/b/a whose ownership is unknown at this time, of which, upon information and belief, specializes in telephone communications and reselling telecommunications, and has its principal place of business at 1727 Caffrey Lane, West Covina, California 91791 .

9. Defendant Deveion Toussant a/k/a Shawn Beats (hereinafter "Defendant Toussant"), is an adult individual whom, upon information and belief, resides in Los Angeles County or Orange County, California, with specific address unknown at this time; however, Defendant Toussant is, upon information and belief, affiliated in an official capacity with Defendant Leap.

10. Jane Does 1-10 (fictitious individuals), are additional victims whose identities are unknown or unconfirmed and who may be named as additional plaintiffs herein following investigation and discovery.

11. John Does 1-10 (fictitious individuals), are additional defendants whose identities are unknown or unconfirmed and who may be named as additional defendants herein following investigation and discovery.

12. ABC CORPS. 1-10 (fictitious entities), and at all relevant times hereto, are the fictitious names of entities, whose identities are unknown or confirmed and who may be named as additional defendants herein following investigation and discovery.  (Any reference herein to "Defendants" collectively includes Defendant Brown, Defendant Leap, Defendant Toussant, Defendant(s) John Doe 1-10 and Defendant(s) ABC Corps. 1-10).

### III.  FACTUAL BACKGROUND

13. On or about December 15, 2020, Plaintiff DMG and its president, Plaintiff Goldberg, entered into an agreement (hereinafter "the Agreement") between Plaintiff DMG and Defendants.

14. The Agreement memorialized terms of a deal that is typical in the music industry.

15. Pursuant to the Agreement, Plaintiffs advanced $60,000.00 (hereinafter "the advance") to Defendant Leap, Defendant Brown and Defendant Toussant, for the purchase of master sound recordings and the purchase of music rights from various well-known artists of which Defendant Brown claimed to know personally.

16. The Agreement was entered into based on representations from Defendant Brown to Plaintiff Goldberg, by which Defendant Brown represented that he personally knew well-known artists of which Plaintiffs sought to purchase the master sound recordings and music rights from.

17. Pursuant to the Agreement, Defendant Leap was to serve as the "furnishing" company in effectuating the deal between Plaintiff DMG and Darrell Caldwell pka "Drakeo the Ruler" and others.

18. The transaction memorialized by the terms of the Agreement is common in the music industry by which Plaintiff DMG purchases the master sound recording rights to songs either directly from the artist(s) or, in this case, through a middleman/producer ("furnishing company") who oversees the project.  At that point, Plaintiff DMG would market the specific music as part of its business operation.  Once the advance funds are recouped, profit sharing would then be triggered; however, Plaintiff DMG would have the ownership rights.

19. While Plaintiffs were unsuccessful in purchasing the aforementioned music rights for the benefit of DMG, Defendants have failed to return the advance, despite Plaintiff Goldberg's multiple requests for Defendants to return the advance funds.

20. Upon information and belief, Defendant Brown's alleged personal relationships with the specific artists were non-existent and only purported in efforts to scam Plaintiff Goldberg and Plaintiff DMG into advancing him $60,000.00, with no intention/ability to provide the music rights or to return the funds.

21. Defendants were fully aware that Plaintiffs are engaged in the promoting, obtaining and distribution of music rights for the benefit of its principals and investors, and used this to manipulate Plaintiffs into advancing the funds.

## IV.  LEGAL CLAIMS

### COUNT ONE
### (NJ RICO / FEDERAL RICO)

22. The Plaintiffs repeat and reallege all of the allegations and statements set forth in each of the preceding paragraphs as if set forth herein at length.

23. Defendants engaged in a pattern of racketeering activity in violation of the New Jersey and federal RICO statutes, within a period of 10 years and involving two or more interrelated incidents of crimes, including theft and fraud which engaged in and affected interstate trade or commerce.

24. The acts which were the subject of this criminal enterprise include, but are not limited to, the following:

a. The thefts of $60,000.00 from Plaintiffs as described in detail above;

b. The fraudulent representations made to Plaintiffs as described in detail above;

c. Defendants' misrepresentations and/or omissions;

d. Defendants' misrepresentations and/or omissions contained in its follow-up communications with Plaintiff Goldberg.

25. The foregoing acts involved the same or similar purposes, results, participants or victims, and are otherwise interrelated by distinguishing characteristics amounting to a continuing and related pattern of criminal activity rather than mere isolated instances. The acts of the enterprise show continuity, unity, a shared purpose and structure.

26. Defendants' misconduct materially aided and abetted Defendant Brown in the perpetuation of his fraudulent scheme.

27. Defendants acted knowingly and purposely.

28. Defendants acted with wanton and reckless indifference to the interests of Plaintiffs in so conducting themselves.

29. The foregoing conduct proximately caused damage to Plaintiffs' property interests and concrete financial loss.

30. Defendants are therefore liable to Plaintiffs for threefold any damages sustained, as well as costs, including reasonable attorney's fees.

31. Defendants are also subject to equitable remedies as may be ordered by the Court to prevent further such misconduct.

**WHEREFORE,** the Plaintiffs demands judgment against Defendants on COUNT ONE of their Complaint, for:

    a. Compensatory damages;

    b. Punitive damages;

    c. Consequential damages;

    d. Treble Damages;

    d. Attorneys fees, costs and interest;

    e. For such further relief as the Court deems equitable and just.

## COUNT TWO
### (Unjust Enrichment)

32.    The Plaintiffs repeat and reallege all of the allegations and statements set forth in each of the preceding paragraphs as if set forth herein at length.

33.    The actions of Defendants in accepting and retaining the advance while not turning over to Plaintiffs the agreed upon master sound recordings and music rights, and refusing to return the advance funds, amount to the unjust enrichment of Defendants.

34.    Defendants are in possession of funds belonging to Plaintiffs.

35.    The Plaintiffs received no benefit from Defendants to justify their receipt and retention of the advance funds.

36.    Defendants did nothing to justify their retention of the advance funds to them by the Plaintiff.

**WHEREFORE,** the Plaintiffs demands judgment against Defendants on COUNT TWO of its Complaint, for:

a. Compensatory damages;

b. Consequential damages;

c. Attorneys fees, costs and interest;

d. For such further relief as the Court deems equitable and just.

## COUNT THREE

### (Breach of Contract)

37. The Plaintiffs repeat and reallege all of the allegations and statements set forth in each of the preceding paragraphs as if set forth herein at length.

38. Defendant Leap and Defendant Brown entered into an agreement with Plaintiffs herein whereby Plaintiffs agreed to advance $60,000.00 to Defendants for the purchase of master sound recordings and the purchase of music rights from various well-known artists of which Defendant Brown claimed to personally know.

39. The Plaintiffs paid the advance of $60,000.00 to Defendants on December 15, 2020.

40. The Plaintiffs have met all of their obligations from the parties' agreement.

41. Despite the fact that the Plaintiffs have honored their obligation under the agreement, the Defendants have failed provide Plaintiffs with the agreed upon master sound recordings and music rights, as they were obligated.

42. Plaintiffs have demanded the agreed upon master sound recordings and music rights.

43. Defendants have failed to provide the master sound recordings and the purchase of music rights as agreed upon and requested.

44. The failure of Defendants to provide Plaintiffs with the agreed upon master sound recordings and music rights, while Plaintiffs have performed their agreed upon obligations, amounts to a breach of the parties' agreement.

45. As a direct and proximate result of the breach referenced in the preceding paragraphs, the Plaintiffs have been damaged.

**WHEREFORE,** the Plaintiffs demand judgment against Defendants on COUNT THREE of their Complaint, for:

a. Compensatory damages;

b. Consequential damages;

c. Attorneys fees, costs and interest;

d. For such further relief as the Court deems equitable and just.

## COUNT FOUR

### (Breach of the Covenant of Good Faith and Fair Dealing)

46. The Plaintiffs repeat and reallege all of the allegations and statements set forth in each of the preceding paragraphs as if set forth herein at length.

47. Pursuant to the written agreement between the Plaintiff and Defendants, Defendants had an affirmative duty of good faith and fair dealing with respect to their contractual relationship with the Plaintiffs.

48. Pursuant to the oral agreement between the Plaintiff and Defendants, Defendants had an affirmative duty of good faith and fair dealing with respect to their contractual relationship with the Plaintiffs.

49. By failing to make good faith efforts to provide the master sound recordings and the purchase of music rights as agreed upon, while Plaintiffs have fulfilled the contracted obligation by advancing $60,000.00 to Defendant Leap, together with all of the other wrongful acts of Defendants, including but not necessarily limited to the violations of Federal and New Jersey's RICO statutes, Defendants have breach their duty of good faith and fair dealing owed to the Plaintiffs.

50. As a direct and proximate result of the breach of the covenant of good faith and fair dealing by Defendants, jointly severally or in the alternative, the Plaintiffs has been damaged.

**WHEREFORE,** the Plaintiffs demand judgment against Defendants jointly, severally or in the alternative on COUNT FOUR of their Complaint, for:

a. Compensatory damages;

b. Punitive damages;

c. Attorneys fees, costs and interest;

d. For such further relief as the Court deems equitable and just;

## COUNT FIVE

### (Common Law Fraud)

51. The Plaintiffs repeat and reallege all of the allegations and statements set forth in each of the preceding paragraphs as if set forth herein at length.

52. Defendants made representations to the Plaintiffs that they would provide the master sound recordings and the purchase of music rights of various well-known artists of which Defendant Brown claimed to know personally.

53. Defendants made representations to the Plaintiffs that they had the right and authority to enter into the agreement and to turn over the agreed upon master sound recordings and purchase of music rights to Plaintiffs.

54. Defendants made representations to the Plaintiffs to fraud Plaintiffs into advancing $60,000.00 to Defendants for the agreed upon the master sound recordings and the purchase of music rights to Plaintiffs.

55. The representations made by Defendants were false.

56. The aforesaid false representations made by Defendants were material.

57. Defendants knew that the representations they were making were false at the time of their making the statements.

58. Defendants knew that the representations they were making were deceptive at the time of their making the statements.

59. Defendants made the false and deceptive representations with the intent that the Plaintiffs would act in a manner reasonably contemplated.

60. Defendants made the false and deceptive representations with the intent that the Plaintiffs would advance $60,000.00 to Defendants while falsely relying on the belief that Defendants would provide Plaintiffs the agreed upon master sound recordings and the purchase of music rights.

61. The Plaintiffs were ignorant of the falsity and deceptive nature of the Defendants' representations as aforesaid.

62. The Plaintiffs relied upon the representations made by Defendants.

63. Based upon the Defendants' false and deceptive statements made to Plaintiffs, the Plaintiffs advanced $60,000.00 to Defendants.

64. The Plaintiffs had the right to rely upon the representations made by Defendants.

65. The Plaintiffs have suffered damages as a direct and proximate result of its reliance upon the false representations of the Defendants.

66. As a direct and proximate result of the aforementioned acts on the part of Defendants, the Plaintiffs suffered pecuniary loss including, but not limited to, the purported forfeiture of the advance fee as aforementioned.

**WHEREFORE,** the Plaintiffs demand judgment against Defendants jointly, severally or in the alternative on COUNT FIVE of its Complaint, for:

a. Compensatory damages;
b. Punitive damages;
c. Attorneys fees, costs and interest;
d. For such further relief as the Court deems equitable and just.

## COUNT SIX

## (FRAUD IN THE INDUCEMENT)

67. The Plaintiffs repeat and reallege all of the allegations and statements set forth in each of the preceding paragraphs as if set forth herein at length.

68. The Defendants made false statements regarding a material fact(s) to the Plaintiffs pertaining to the agreement between the Defendants and the Plaintiffs.

69. At the time the Defendants made the false statements regarding a material fact(s) to the Plaintiffs pertaining to the agreement between the Defendants and the Plaintiffs, they knew the representation(s) were false.

70. At the time the Defendants made the false statements regarding a material fact(s) to the Plaintiffs pertaining to the agreement between the Defendants and the Plaintiffs, they intended that the Plaintiffs rely upon the false representation(s).

71. At the time the Defendants made the false statements regarding a material fact(s) to the Plaintiffs pertaining to the agreement between the Defendants and the Plaintiffs, they intended that the Plaintiffs rely upon the false representation(s).

72. The Plaintiffs justifiably relied upon the false statements made to it by the Defendants.

73. As a direct and proximate result of their reliance upon the false statements knowingly made to them by the Defendants, the Plaintiffs have suffered damages.

**WHEREFORE,** the Plaintiffs demands judgment against Defendants on COUNT SIX of their Complaint, for:

a. Declaring the agreement to be void and unenforceable as an unconscionable contract;

b. Rescission of the agreement between Defendants and the Plaintiffs;

c. Compensatory damages;

d. Punitive damages;

e. Consequential damages;

f. Return of all funds paid by the Plaintiffs to Defendants;

g. Attorneys fees, costs and interest;

h. For such further relief as the Court deems equitable and just;

## COUNT SEVEN
## (SPECIFIC PERFORMANCE)

74. The Plaintiffs repeat and reallege all of the allegations and statements set forth in each of the preceding paragraphs as if set forth herein at length.

75. The parties to this action entered into a binding agreement whereby the Defendants agreed to provide the master sound recordings and the purchase of music rights of various well-known artists of which Defendant Brown claimed to know personally and the Plaintiff agreed to advance $60,000.00.

76. Pursuant to the parties' agreement, the Defendants have a duty to provide to Plaintiffs the master sound recordings and the purchase of music rights of various well-known artists of which Defendant Brown claimed to know personally.

77. The Plaintiffs performed their obligations under the parties' agreement.

78. The Defendants have failed to provide, to Plaintiffs, the master sound recordings and the purchase of music rights of various well-known artists of which Defendant Brown claimed to know personally.

79. The failure of the Defendants to provide, to Plaintiffs, the master sound recordings and the purchase of music rights of various agreed upon well-known artists amounts to a breach of that agreement.

80. Despite the Plaintiffs' numerous demands for Defendants to perform their obligations under the agreement, the Defendants continue avoid to turn over, to Plaintiffs, the master sound recordings and the purchase of music rights of various agreed upon well-known artists as they are obligated to do.

81. As a direct and proximate result of the breach by the Defendants, the Plaintiffs have suffered damages.

**WHEREFORE,** the Plaintiffs demand judgment against Defendants on COUNT SEVEN of their Complaint, for:

a. Directing the Defendants to immediately turn over, to Plaintiffs, the master sound recordings and the purchase of music rights of agreed upon well-known artists.

b. Attorneys fees, costs and interest;

c. For such further relief as the Court deems equitable and just;

## **COUNT EIGHT**

## **(CONVERSION)**

82. The Plaintiffs repeat and reallege all of the allegations and statements set forth in each of the preceding paragraphs as if set forth herein at length.

83. The parties to this action entered into a binding agreement whereby the Defendants agreed to provide the master sound recordings and the purchase of music rights of various well-known artists of which Defendant Brown claimed to know personally and the Plaintiff agreed to advance $60,000.00.

84. Pursuant to the parties' agreement, the Defendants have a duty to provide to Plaintiffs the master sound recordings and the purchase of music rights of various well-known artists of which Defendant Brown claimed to know personally.

85. The Plaintiffs have performed their obligation under the parties' agreement.

86. The Defendants are in possession of funds for which the Plaintiffs has advanced for master sound recordings and the purchase of music rights of various agreed upon well-known artists.

87. The funds advanced to Defendants are the property of the Plaintiffs.

88. The Defendants are in possession of the Plaintiffs funds and refuse to pay them to the Plaintiffs.

89. As a direct and proximate result of the conversion of the Plaintiffs' funds by the Defendants, the Plaintiffs have suffered damages.

**WHEREFORE,** the Plaintiffs demand judgment against Defendants on COUNT EIGHT of their Complaint, for:

a. Directing the Defendants to immediately return the advance funds owed to the Plaintiffs;

b. Attorneys fees, costs and interest;

c. For such further relief as the Court deems equitable and just.

## COUNT NINETY

### (TORTORIOUS INTERFERENCE WITH CONTRACT)

90.     The Plaintiffs repeat and reallege all of the allegations and statements set forth in each of the preceding paragraphs as if set forth herein at length.

91.     The Plaintiffs, as aforementioned, has had a contract and/or a business relationship, through, and on behalf of, Plaintiff DMG with, including, but not limited to, several clients, customers, their personal and corporate accounts and/or others.

92.     Defendants knew of the aforementioned contracts and have intentionally and malicious interfered with the aforementioned contracts by, including but not limited to, failing to provide the master sound recordings and the purchase of music rights of the agreed upon well-known artists and/or have otherwise intentionally and with malice interfered with Plaintiffs' known contractual relationships.

As a direct and proximate result of Defendants' conduct, as aforementioned, Plaintiffs have been caused to suffer damages.

**WHEREFORE,** the Plaintiffs demands judgment against Defendants on COUNT NINE of their Complaint, for:

17

    a. Compensatory damages;

    b. Punitive damages;

    c. Consequential damages;

    d. Return of all funds paid by the Plaintiffs to Defendants;

    e. Attorneys fees, costs and interest;

    f. For such further relief as the Court deems equitable and just.

### REQUEST FOR DISCOVERY

Please be advised that pursuant to Federal Rule of Civ. Proc. 26, demand is hereby made for all parties to this action to provide to the Plaintiff all discovery as to all issues.

**SEKAS LAW GROUP, LLC**
*Attorneys for Plaintiffs DAVID Goldberg and DMG Publishing, LLC*

Dated: February 28, 2022

_____/Nicholas G. Sekas/_____
Nicholas G. Sekas, Esq.
530 Sylvan Avenue, Suite 201
Englewood Cliffs, New Jersey 07632
(201) 816-1333

### JURY DEMAND

Plaintiff hereby asserts his right to a trial by jury and makes this demand for a jury trial.

**SEKAS LAW GROUP, LLC**
*Attorneys for Plaintiffs David Goldberg and DMG Publishing, LLC*

Dated: February 28, 2022

_____/Nicholas G. Sekas/_____
Nicholas G. Sekas, Esq.
530 Sylvan Avenue, Suite 201
Englewood Cliffs, New Jersey 07632
(201) 816-1333